HYLAND LEVIN LLP
By: Peter J. Boyer, Esquire
6000 Sagemore Drive, Suite 6301
Marlton, New Jersey 08053-3900
(856) 355-2900
Attorneys for Plaintiff, Ascendere, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASCENDERE, INC., : | CIVIL ACTION |
| Plaintiff, : | NO. |
| v. : | |
| BRIGHT HORIZONS CHILDREN'S : CENTER, LLC, : | **COMPLAINT** |
| Defendant. : | |

Plaintiff, Ascendere, Inc. ("Plaintiff" or "Ascendere"), by and through its undersigned counsel and by way of Complaint against Defendant, Bright Horizons Children's Center, LLC ("Bright Horizons"), hereby alleges as follows:

### THE PARTIES

1. Ascendere is a New Jersey corporation with its principal place of business located in Lawrenceville, New Jersey and a mailing address of P.O. Box 6366, Lawrenceville, New Jersey 08648.

2. Bright Horizons is a Delaware limited liability company with its principal place of business located at 200 Talcott Avenue South, Watertown, Massachusetts 02472.

3. On information and belief, none of the members of Bright Horizons are citizens of the State of New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the plaintiff and all defendants, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of costs and interest.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) because (1) all defendants reside within this judicial district and (2) a substantial part of the events or omissions giving rise to this cause of action occurred within this judicial district.

## FACTUAL BACKGROUND

6. Ascendere and Bright Horizons are parties to an escrow agreement dated March 14, 2011, a copy of which is attached as Exhibit A (the "Escrow Agreement"). The Escrow Agreement was executed as part of the closing of a transaction in which Bright Horizons acquired assets of Ascendere pursuant to an Asset Purchase Agreement dated March 14, 2011 and other associated documents (the "Asset Purchase Documents").

7. Under the terms of the Escrow Agreement, the sum of One Million Dollars ($1,000,000) (the "Escrow Fund") was placed in escrow as part of the purchase price of assets purchased by Bright Horizons from Ascendere.

8. Under the terms of the Escrow Agreement, the Escrow Fund was to be released to Ascendere on December 12, 2011 unless, no later than one business day prior to that date, Bright Horizons provided written notice that it was asserting a claim against the Escrow Fund.

9. On December 9, 2011 Bright Horizons, through its counsel, asserted a claim totaling $424,018.18 against the Escrow Fund and provided written notice thereof in accordance

with the terms of the Escrow Agreement. A true copy of Bright Horizon's Claim Notice (without exhibits) is attached as Exhibit B hereto (the "Claim").

10. On December 12, 2011, the Escrow Agent disbursed the sum of $575,981.82 to Ascendere, but withheld the sum of $424,018.18 (the amount claimed by Bright Horizons), pending further instruction from the parties in accordance with the terms of the Escrow Agreement.

11. After reviewing and considering the Claim of Bright Horizons, on January 5, 2011 Ascendere, through its counsel, served a written Response Notice and Objection to Claim Notice, a copy of which is attached as Exhibit C hereto (the "Objection to Claim").

12. The claims asserted by Bright Horizons are without merit and/or are not properly asserted against the Escrow Funds under the terms of the Escrow Agreement.

13. The Objection to Claim asserted an objection to each component of the Claim asserted by Bright Horizons. A summary of the grounds upon which Plaintiff asserts the claims are without merit and/or are not properly asserted against the Escrow Funds is set forth in the Objection to Claim which is incorporated herein by reference.

14. Under the terms of the Escrow Agreement, upon timely written receipt of the Claim and the Objection to Claim, the Escrow Agent, JPMorgan Chase, NA ("Escrow Agent"), will not release the portion of the Escrow Fund that is subject to the Claim (the "Disputed Escrow Funds") until such time as (1) the parties agree in writing as to the disposition of the Disputed Escrow Funds, or (2) the parties agree to arbitrate the matter and a final decision of an arbitrator or arbitrators is provided, or (3) a final, non-appealable order of a court of competent jurisdiction is provided to the escrow agent determining to whom the Disputed Escrow Funds should be disbursed.

15. As a result of the assertion of the claim by Bright Horizons, and the Objection to the Claim by Ascendere, there exists an actual dispute between the parties regarding to whom the Disputed Escrow Funds should be disbursed.

16. In accordance with the terms of paragraph 3 b (iii) (A) of the Escrow Agreement, the parties met on February 2, 2012, at the offices of counsel for Bright Horizons in an effort to resolve the claim. They were not successful in doing so.

17. The parties have not agreed to arbitrate the dispute.

18. The Escrow Agreement provides, in paragraph 6 b, that in the event the parties seek any redress in court to determine their respective rights to the Disputed Escrow Funds, that the Escrow Agent shall not be joined as a party. Accordingly, the Escrow Agent is not named as a defendant in this matter.

## COUNT I: DECLARATORY JUDGMENT

19. The foregoing paragraphs of the Complaint are incorporated herein as though set forth at length.

20. As a result of the foregoing, there is now existing between Ascendere and Bright Horizons an actual, antagonistic, and justiciable controversy with respect to which Ascendere is entitled to have a declaration of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

WHEREFORE, Plaintiff requests the entry of judgment declaring as follows:

    a. Declaring that the claims asserted by Bright Horizons are without merit;

    b. Directing release of the Disputed Escrow Funds to Plaintiff;

    c. Awarding costs to Plaintiff and such other and further relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

21. The preceding paragraphs of the Complaint are incorporated herein as thought set forth at length.

22. The Claim is without merit.

23. The assertion of a Claim lacking in merit is a breach of the Escrow Agreement and the Asset Purchase Documents.

24. As a result of Bright Horizons' breach of the Escrow Agreement and the Asset Purchase Documents, Ascendere has sustained damages.

WHEREFORE, Plaintiff requests the entry of judgment in its favor and against defendant, Bright Horizons, as follows:

    a. Awarding Compensatory damages in an amount to be determined in excess of $150,000;

    b. Directing release of the Disputed Escrow Funds to Ascendere; and

    c. Awarding costs to Plaintiff and such other and further relief as the Court deems just and proper.

HYLAND LEVIN LLP

By: _____
Peter J. Boyer
Attorneys for Plaintiff,
Ascendere, Inc.

Dated: February 2, 2012

{HL166924.1}

5

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding.

HYLAND LEVIN LLP

By: /s/ Peter J. Boyer
Peter J. Boyer
Attorneys for Plaintiff,
Ascendere, Inc.

Dated: February 2, 2012

{HL166924.1}

6